NEWMEYER & DILLION LLP
ROBERT K. SCOTT, CBN 67466
STEPHEN M. HAUPTMAN, CBN 226123
895 Dove Street, 5th Floor
Newport Beach, California 92660
(949) 854-7000; (949) 854-7099 (Fax)

Attorneys for Plaintiff
G&G Door Products, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| G&G DOOR PRODUCTS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> CONTINENTAL CASUALTY COMPANY, <br><br> Defendant. | CASE NO.: 8:17-cv-00208-JLS-JCG <br> Judge: Hon. Josephine L. Staton <br><br> **STIPULATION AND [PROPOSED] PROTECTIVE ORDER** <br><br> FILE DATE: February 6, 2017 <br> TRIAL DATE SET: June 26, 2018 |

Whereas Plaintiff and Defendant ("Party" or "Parties") will be required to exchange, and will exchange, certain documents and information in this case pursuant to, among other requirements and orders, mediation, the Federal Rules of Civil Procedure, interrogatories, requests for production, and depositions and similar discovery, which counsel will reasonably submit may include the disclosure of trade secrets, proprietary data and/or confidential business or financial information or confidential and/or private information of the Parties or third parties ("Confidential Information," as defined in paragraph 1 herein); and

Whereas the Parties, by and through their counsel, have agreed to produce such information for inspection, copying and use in the present action, subject to

6883401.1

the terms and conditions of this Stipulation and Protective Order ("Protective Order"), which is further subject to the approval of this Court, the Parties hereby stipulate to the following Protective Order:

1.  In connection with this action, the Parties may designate any document, thing, material, testimony or other information derived therefrom as "Confidential Information" under the terms of this Protective Order.

Confidential information means, but is not necessarily limited to:

Trade secrets, proprietary data, and/or confidential business or financial information, including but not limited to, marketing/training materials, agreements, formulas, patterns, compilations, programs, devices, methods, techniques, or processes that:

(1) derive independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and

(2) are the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

"Confidential Information" may also include tax, financial, medical or other sensitive information concerning the Parties, or other materials that a party reasonably and in good faith believes is appropriate to designate as confidential in the case. By designating a document, thing, material, testimony or other information derived therefrom as "Confidential" under the terms of this Protective Order, the Party making the designation is certifying to the Court that there is a good faith basis both in law and in fact for the designation.

2.  Confidential documents shall be so designated by stamping copies of the document produced to a Party with the legend "CONFIDENTIAL." Stamping the legend "CONFIDENTIAL" on the cover of any multipage document shall designate all pages of the document as confidential, unless otherwise indicated by the producing Party.

3. Testimony taken at a deposition, conference, hearing or trial may be designated as confidential by making a statement to that effect on the record at the deposition or other proceeding. Arrangements shall be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcript containing information designated as confidential, and to label portions appropriately as "CONFIDENTIAL."

4. Material designated as "CONFIDENTIAL" under this Protective Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential (hereinafter "Confidential Material") shall be used only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose.

5. Confidential Material produced pursuant to this Protective Order may be discussed or made available only to the Court, to counsel for a Party (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" designated below:

    a. a Party, or an officer, director, member of the Board of Governors, shareholder, or employee, or independent contractor of a Party reasonably deemed necessary by counsel for that party to aid in the prosecution, defense, or settlement of this action;

    b. a Party's liability insurer and its directors, officers, and employees;

    c. experts or consultants (together with their staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;

    d. certified shorthand court reporter(s) engaged in this action;

    e. a witness at any deposition or other proceeding in this action; and

    f. any other person as to whom the parties in writing agree.

Except for the Parties to this action who are directly bound by this agreement, prior to receiving any Confidential Material, each "qualified person" shall be provided with a copy of this Protective Order, and shall indicate in

6883401.1 - 3 -
STIPULATION AND PROTECTIVE ORDER


writing their agreement to be bound by it.

6. A party that files or intends to file Confidential Information with the Court for the purposes of adjudication or to use at trial will follow the requisite legal procedures for obtaining Court approval for filing such records under seal. All Confidential Information submitted in connection with discovery motions will be submitted under seal.

7. Nothing herein shall impose any restrictions on a Party from disclosing its own Confidential Material as it deems appropriate, nor from using or disclosing material that is in the public domain.

8. This Protective Order shall be without prejudice to the right of the Parties (i) to bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted or (ii) to present a motion to the Court for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein. This Protective Order shall not be deemed to prejudice the Parties in any way in any future application for modification of this Protective Order.

9. This Protective Order is entered solely for the purpose of facilitating the exchange of documents and information between the Parties to this action without involving the Court unnecessarily in the process. Nothing in this Protective Order nor the production of any information or document under the terms of this Protective Order nor any proceedings pursuant to this Protective Order shall be deemed to have the effect of an admission or waiver by either Party or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing obligation of any Party or the absence thereof.

10. This Protective Order shall survive the final termination of this action, to the extent that the information contained in Confidential Material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve

any dispute concerning the use of information disclosed hereunder. Unless otherwise agreed by the Parties in writing, upon the date that is three (3) months after the termination of this case, counsel for the Parties shall assemble and return to each other all documents, material and deposition transcripts designated as confidential and all copies of same, or shall certify the destruction thereof.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD

DATED: May 19, 2017

NEWMEYER & DILLION LLP

By: /s/ Stephen M. Hauptman
Robert K. Scott
Stephen M. Hauptman
Attorneys for Plaintiff
G&G Door Products, Inc., a
California corporation

DATED: May 19, 2017

CNA COVERAGE LITIGATION GROUP

By: /s/ Anthony S. Cox
Anthony S. Cox
Attorneys for Continental Casualty Company

Pursuant to Local Rule 5-4.3.4, I attest that all other signatories to this stipulation concur in its content and have authorized its filing.

/s/ Stephen M. Hauptman
STEPHEN M. HAUPTMAN

ORDER

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: May 24, 2017

Honorable Josephine L. Staton
Jay C. Gandhi

6883401.1

- 5 -

STIPULATION AND PROTECTIVE ORDER

# PROOF OF SERVICE

*G&G Door Products, Inc. v. Continental Casualty Company, Inc., et al.*
USDC Case No. 17-cv-00208

STATE OF CALIFORNIA    )
                       ) ss.
COUNTY OF ORANGE       )

I, Martha V. Ramirez, declare:

I am a citizen of the United States and employed in Orange County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 895 Dove Street, 5th Floor, Newport Beach, California 92660. On May 19, 2017, I served a copy of the within document(s):

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER**

[x] (BY CM/ECF SYSTEM – VIA NOTICE OF ELECTRONIC FILING ("NEF")
I certify that on the date referenced above, I electronically transmitted the document(s) listed for submission to the United States District Court Northern District, using the ECF System required for filing and transmission of Electronic Notices to the ECF registrants/recipients registered with the United States District Court Northern District at the e-mail address(es) set forth below.

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on May 19, 2017, at Newport Beach, California.

/s/ Martha V. Ramirez
Martha V. Ramirez

6626715.1

- 1 -

PROOF OF SERVICE

# SERVICE LIST

*G&G Door Products, Inc. v. Continental Casualty Company, Inc., et al.*
OCSC Case No. 30-2016-00895561-CU-IC-CXC

| | |
|---|---|
| Anthony S. Cox, Esq.<br>CNA Coverage Litigation Group<br>700 North Pearl Street<br>Suite 450<br>Dallas, TX 75201 | **Attorneys for Continental Casualty Company**<br>**anthony.cox@cna.com**<br><br>Tel: (214) 220-5900<br>Fax: (214) 220-5902 |
| Julie Payne Humphreys, Esq.<br>CNA Coverage Counsel<br>675 Placentia Avenue, Suite 200<br>Brea, CA 92821 | **Attorneys for Continental Casualty Company**<br>**Julie.humphreys@cna.com**<br><br>Tel: (714) 674-5693<br>Fax: (714) 256-7663 |
| Sherman C. Lee, Esq.<br>CAN Coverage Litigation Group<br>555 Mission Street, Suite 330<br>San Francisco, CA 94105 | **Attorneys for Continental Casualty Company**<br>**Sherman.lee@cna.com**<br><br>Tel: (415) 932-7017<br>Fax: (415) 932-7001 |